IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KERI SUE PADDOCK, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 25-00407-JLH-SRF |
| | ) |
| NOVARTIS PHARMACEUTICALS | ) |
| CORPORATION, a Delaware Corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

At Wilmington, this 4th day of February, 2026;

WHEREAS, Magistrate Judge Fallon issued a Report and Recommendation on July 11, 2025 (D.I. 23, the "R&R"), recommending that the Court deny a motion to remand filed by Plaintiffs Keri Sue Paddock, Mason Beightol, Laurie Boyle, Bridget Boyle, Holly McCullogh, Wyatt McCullogh, Michelle Del Valle, Zachary Moss, Tove Ghent, Nathan Ghent, Cheyenne Moses, T.M., Julia Roer, Cheyenne Roer, Sandra Blanchette, Josiah Blanchette, Taryn Anthony, Auren Anthony, Christina Polanowski, and Michael Polanowski (collectively, "Plaintiffs") (D.I. 7);

WHEREAS, the R&R further explained that the claims brought by Plaintiffs Laurie and Bridget Boyle ("New Jersey Plaintiffs") had been fraudulently misjoined, and it recommended that those claims be severed from this action and remanded to the Superior Court of Delaware (*id.* at 13);

WHEREAS, on July 25, 2025, Plaintiffs filed Objections to the R&R (D.I. 25);

WHEREAS, on August 7, 2025, Defendant responded to the Objections (D.I. 32);

WHEREAS, both sides agree that the Court should review the Objections *de novo*, *see* 28 U.S.C. § 636(b)(1);

WHEREAS, Plaintiffs contend that their motion to remand should be granted because the so-called doctrine of "fraudulent misjoinder" is not the law in the Third Circuit and because joinder is proper (D.I. 25 at 5, 7);

WHEREAS, having reviewed the issue *de novo*, I agree with the Magistrate Judge that joinder of the New Jersey Plaintiffs' claims is not proper and that those claims should be severed and remanded to state court;

WHEREAS, having reviewed the issue *de novo*, I agree with the Magistrate Judge that proceeding in the fashion recommended by the R&R is not contrary to Third Circuit law;[1]

WHEREAS, the Court sees no error in the R&R's application of the analysis in *Breitner v. Merck & Co.*, No. 18-15982, 2019 WL 316026, at *2–4 (D.N.J. Jan. 24, 2019), or the R&R's conclusion that Defendant met its burden in persuading the Court that joinder of the New Jersey Plaintiffs' claims was improper under Federal Rule of Civil Procedure 20,[2] was intended to destroy diversity, and was egregious (D.I. 23 at 7–12);[3]

---

[1] As the R&R explained, although the Third Circuit has not expressly endorsed the doctrine of fraudulent misjoinder, it also declined to reject it in *In re Fosamax (Alendronate Sodium) Prods. Liab. Litig. (No. II)*, 751 F.3d 150, 156 n.10 (3d Cir. 2014), and numerous district courts have applied the doctrine in pharmaceutical personal injury cases.

[2] The R&R correctly observed that it did not matter whether the federal or state permissive joinder rules governed because Delaware's rule is substantively identical, and the parties cited both in their briefing. *Compare* Fed. R. Civ. P. 20(a) *with* Del. Super. Ct. R. Civ. P. 20(a).

[3] *See also In re Propecia (Finasteride) Prod. Liab. Litig.*, No. 12-2331, 2013 WL 3729570, at *12–14 (E.D.N.Y. May 17, 2013). Plaintiffs' citation to *Mesa Comput. Utilities, Inc. v. Western Union Comput. Utilities, Inc.* is inapposite. 67 F.R.D. 634, 637 (D. Del. 1975) (considering whether claims arising out of similar franchise agreements satisfied Rule 20(a)).
Plaintiffs contend that the R&R erred in observing that the complaint "does not specifically allege that the non-diverse New Jersey Plaintiffs were exposed to terbutaline manufactured,

NOW, THEREFORE, IT IS HEREBY ORDERED that

1. Plaintiffs' objections to the R&R (D.I. 25) are OVERRULED.

2. The Report and Recommendation issued on July 11, 2025 (D.I. 23) is ADOPTED.

3. Plaintiffs' motion to remand (D.I. 7) is DENIED.

4. The claims asserted by Plaintiffs Laurie Boyle and Bridget Boyle are severed from this action, and their cases are remanded to the Superior Court of Delaware.

5. The Clerk of Court is directed to reassign this case to District Judge Maryellen Noreika, who is presently presiding over C.A. No. 25-247-MN. (*See* D.I. 43 (Notice of Related Cases); D.I. 44.)

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

---

distributed, or sold by the New Jersey Defendant." (D.I. 23 at 11.) I disagree. The Complaint does not specifically allege that Plaintiffs, including New Jersey Plaintiffs, took Defendant's terbutaline. But even if it did, that would not change the analysis. *See Cumba v. Merck & Co.*, No. 08-2328, 2009 WL 1351462, at *1 (D.N.J. May 12, 2009) ("The majority of courts to address joinder in the context of drug liability cases have found that basing joinder merely on the fact that the plaintiffs ingested the same drug and sustained injuries as a result thereof is insufficient to satisfy Rule 20(a)'s 'same transaction' requirement.").