IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KERI SUE PADDOCK, *et al.*,           )
                                      )
                                      )
                                      )
              Plaintiffs,             )
                                      )
       v.                             )      Civil Action No. 25-407-MN-SRF
                                      )
NOVARTIS PHARMACEUTICALS              )
CORPORATION,                          )
                                      )
              Defendant.              )

## MEMORANDUM ORDER[1]

At Wilmington this **10th** day of **June, 2026**, the court having considered the parties'

briefing and associated filings on Plaintiffs' motion to sever the claims of the California

Plaintiffs[2] under Federal Rule of Civil Procedure 21 and transfer those claims to the Central

District of California under 28 U.S.C. § 1404(a), (D.I. 61, D.I. 62, D.I. 63, D.I. 64, D.I. 65, D.I.

70), and having heard the parties' arguments during the teleconference on June 9, 2026, IT IS

ORDERED that the motion (D.I. 60) is DENIED for the following reasons.

1. **Background.** Plaintiffs brought this suit in the Superior Court of Delaware on March

31, 2025, alleging that defendant Novartis Pharmaceutical Corporation ("Defendant")

wrongfully promoted the off-label use of terbutaline, an asthma drug, to treat preterm labor in

---

[1] District courts within the Third Circuit have consistently held that a motion to transfer venue involves a non-dispositive pretrial matter and is therefore governed by Fed. R. Civ. P. 72(a). *Int'l Business Machines Corp. v. Expedia, Inc.*, C.A. No. 17-1875-LPS-CJB, 2019 WL 4635137, at *1 (D. Del. Sept. 24, 2019); *see also Palomino Master Ltd. v. Credit Suisse Grp. AG*, 2025 WL 2621865, at *2 (D.N.J. Sept. 10, 2025); *Jones v. Wetzel*, 2013 WL 3381435, at *2 (M.D. Pa. July 8, 2013). Similarly, a motion to sever under Rule 21 is non-dispositive because "the suit simply continues against the severed defendant in another guise." *Dragon Quest Prods., LLC v. John Does 1-100*, 2013 WL 2949407, at *2 n.6 (D.N.J. June 14, 2013) (quoting *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006)).

[2] The California Plaintiffs are those who gave birth or were born in California: Keri Sue Paddock, Mason Beightol, Cheyenne Moses, and T.M. (D.I. 1-1 at ¶¶ 38.1, 38.16)

pregnant women. (D.I. 1-1)  Plaintiffs are mothers who took Defendant's terbutaline product, Brethine®, during pregnancy to treat preterm labor, and their children, who developed autism allegedly caused by their prenatal exposure to terbutaline.  (*Id.* at ¶ 38)  Plaintiffs bring causes of action against Defendant for negligence, negligent misrepresentation, intentional misrepresentation, and concealment.  (*Id.* at ¶¶ 39-69)

2.  Defendant removed the case to this court on April 1, 2025 based on diversity jurisdiction under 28 U.S.C. §§ 1332(a) and 1441(a).  (D.I. 1 at ¶ 15)  On May 1, 2025, Plaintiffs filed a motion to remand the case to the Superior Court of Delaware.  (D.I. 7)  On July 10, 2025, the court held oral argument on the motion to remand and issued a Report and Recommendation the following day recommending severing the claims of the New Jersey Plaintiffs under the doctrine of fraudulent misjoinder and denying the motion to remand.  (D.I. 23)  The assigned District Judge adopted the Report and Recommendation on February 4, 2026.  (D.I. 46)

3.  On May 7, 2026, Plaintiffs filed the pending motion to sever the California Plaintiffs from the action and transfer their claims to the Central District of California, where another related action brought by two plaintiffs is pending (the "California Action").  (D.I. 60); *see Tindle et al. v. Novartis Pharms. Corp.*, C.A. No. 2:25-1290-GW-AYP (C.D. Cal.).  Fact discovery in the California Action is scheduled to close on July 16, 2026, and the case is set to go to trial on March 30, 2027.  *Tindle*, C.A. No. 2:25-1290-GW-AYP, D.I. 50 (C.D. Cal. Dec. 1, 2025).  Fact discovery in the instant case remains in its earliest stages and is scheduled to close on February 26, 2027, with trial scheduled to begin on August 7, 2028.  (D.I. 58)

4.  **Legal standards.**  Federal Rule of Civil Procedure 21 provides that the court may "sever any claim against a party."  Fed. R. Civ. P. 21.  "Questions of severance are addressed to the broad discretion of the district court."  *Brit. Telecommunications PLC v. IAC /*

*InterActiveCorp*, C.A. No. 18-366-WCB, 2019 WL 1765224, at *3 (D. Del. Apr. 22, 2019) (quoting 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 1689, at 515-16 (3d ed. 2001)).

**5.** Transfer of severed claims is generally governed by 28 U.S.C. § 1404(a), which provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" District courts are vested "with broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995).

**6.** In determining whether an action should be transferred under Section 1404(a), the court will "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879 (citation omitted). In the Third Circuit, a motion to transfer is evaluated pursuant to twelve "private and public interests protected by the language of § 1404(a)." *Id.* The six private interests include:

> [(1)] plaintiff's forum preference as manifested in the original choice; [(2)] the defendant's preference; [(3)] whether the claim arose elsewhere; [(4)] the convenience of the parties as indicated by their relative physical and financial condition; [(5)] the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [(6)] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* (citations omitted). The six public interests include:

> [(7)] the enforceability of the judgment; [(8)] practical considerations that could make the trial easy, expeditious, or inexpensive; [(9)] the relative administrative difficulty in the two fora resulting from court congestion; [(10)] the local interest in deciding local controversies at home; [(11)] the public policies of the fora; and

3

[(12)] the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80 (citations omitted). "The burden is on the moving party to establish that a balancing of proper interests weigh[s] in favor of the transfer." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

7. **Analysis.** During the teleconference on June 9, 2026, Defendant represented that it did not oppose severance of the California Defendants—it only opposes the transfer of this case to the Central District of California. Therefore, the court's analysis only addresses the motion to transfer.

8. Section 1404(a) does not bar a plaintiff from moving to transfer venue, despite having initially chosen to litigate in the original forum. *James v. Daley & Lewis*, 406 F. Supp. 645, 648 (D. Del. 1976). To prevail, however, a plaintiff who moves to transfer venue must show a change in circumstances since filing the suit. *See Diamedica Therapeutics, Inc. v. Pra Health Scis., Inc.*, C.A. No. 18-1318-MN, 2020 WL 5633362, at *2 (D. Del. Sept. 21, 2020); *see also Megna v. Biocomp Labs. Inc.*, 220 F. Supp. 3d 496, 498 (S.D.N.Y. 2016); *B&G Foods N. Am., Inc. v. Embry*, 2020 WL 3605070, at *3 (E.D. Cal. July 2, 2020) (collecting cases showing that district courts routinely apply the "change in circumstances" standard when a plaintiff attempts a transfer away from its initial venue selection).

9. Plaintiffs allege that circumstances have changed since they initially filed this case in Delaware because the court severed the claims of two Plaintiffs from New Jersey. (D.I. 61 at 20) Those claims are now before the Superior Court of Delaware. *See Paddock v. Novartis Pharms. Corp.*, C.A. No. 25-407-JLH-SRF, 2026 WL 296245, at *2 (D. Del. Feb. 4, 2026). Plaintiffs generally state that it is more efficient for the four California Plaintiffs to proceed in the Central

District of California under these circumstances without identifying any efficiencies to be gained. (D.I. 61 at 20; D.I. 70 at 8) Plaintiffs rely on *Broadcom Corp. v. Qualcomm Inc.*, but the court in that case transferred the action to California because two related cases involving substantially the same claims against the same defendant had recently been filed in California. 2008 WL 3821404, at *6 (D.N.J. Aug. 12, 2008). Here, the "changed circumstance" involves two New Jersey Plaintiffs whose claims are now in Delaware state court instead of Delaware federal court. There is no obvious connection between the recently severed claims and the Central District of California.

10. In recognition of the split of authority as to whether a plaintiff is required to show changed circumstances or whether it is a factor that may be considered, the court also conducts the standard analysis for transfer of venue. At the first step of the analysis, there is no dispute that jurisdiction would be proper in the Central District of California. *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 196 (D. Del. 1998). The court next considers whether transfer would best serve the interests of justice and convenience under the *Jumara* factors.

11. The private interest factors under *Jumara* are neutral. Although a plaintiff's original choice of forum weighs heavily in the analysis, the choice is given significant deference only "where the defendant—not the plaintiff—moves to transfer." *Steward v. First Student, Inc.*, 639 F. Supp. 3d 492, 499 (E.D. Pa. 2022). When a plaintiff seeks to transfer the case, "the 'paramount consideration' given to the plaintiff's original choice of venue becomes a neutral factor." *Broadcom*, 2008 WL 3821404, at *6 (quoting *Palazzo v. Ciurlino*, 2006 WL 2177542, at *1 (D.N.J. July 28, 2006)). Thus, the first private interest factor is neutral. Defendant's preferred forum weighs against transfer.

**12.** Plaintiffs argue that the California Plaintiffs' injuries arose in the Central District of California and, as a result, the relevant witnesses and evidence are located there. (D.I. 61 at 14-15) Plaintiffs' declarations describe how difficult it will be for Plaintiffs suffering from autism to travel for this litigation. (D.I. 63; D.I. 64) These facts have not changed since Plaintiffs initially chose to bring their claims in Delaware Superior Court on March 31, 2025, even though Plaintiffs' counsel brought similar claims in California Superior Court on December 30, 2024, which were subsequently removed to the Central District of California on February 14, 2025 (prior to the commencement of this action). (D.I. 1-1); *see Tindle v. Novartis Pharms. Corp.*, C.A. No. 2:25-1290-GW-AYP, D.I. 1-2 (C.D. Cal. Feb. 14, 2025). Plaintiffs whose claims arose in Illinois, Arizona, Georgia, and Florida presumably face similar challenges, yet Plaintiffs do not seek to sever and/or transfer their claims. (D.I. 1-1 at ¶¶ 38.13, 38.19, 38.22, 38.25) Plaintiffs anticipate calling medical providers, service providers, and expert witnesses from California at trial, but they do not suggest that any of those witnesses are unavailable to attend trial in Delaware or that relevant records could not be produced in Delaware. (D.I. 62 at ¶¶ 7-8); *see Fink v. Wilmington Trust Ret. & Instit. Servs. Co.*, 473 F. Supp. 3d 366, 375 (D. Del. 2020) (explaining that the convenience of witnesses and location of books and records factor into the *Jumara* analysis only to the extent they are unavailable in one forum or the other).

**13.** With respect to the public interest factors, Plaintiffs focus on California's local interest in the controversy, nuances of California state law, and court congestion. (D.I. 61 at 16-20) These factors are also neutral. Delaware has a local interest in claims brought against Defendant, a Delaware corporation. *See Tradimpex Egypt Co. v. Biomune Co.*, 777 F. Supp. 2d 802, 810 (D. Del. 2011). Moreover, this court is competent to apply California law to the relevant claims because "the nature of federal practice requires the [c]ourt to routinely interpret

laws from jurisdictions across the nation." *Virentem Ventures, LLC v. YouTube, LLC*, C.A. No. 18-917-MN, 2019 WL 2131877, at *6 (D. Del. May 16, 2019) (quoting *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 739 (E.D. Va. 2007)). Regarding the comparative length of time to trial, the court notes that this case is scheduled to go to trial in August of 2028. (D.I. 58) Although the California Action is set for trial in March of 2027, the California Plaintiffs' claims could not be consolidated without disrupting the case schedule because fact discovery in the California Action is set to close on July 16, 2026. *Tindle*, C.A. No. 2:25-1290-GW-AYP, D.I. 50 (C.D. Cal. Dec. 1, 2025).

14. **Conclusion.** Because the *Jumara* factors do not weigh strongly in favor of transfer, Plaintiffs' motion to sever the California Plaintiffs' claims and transfer those claims to the Central District of California is DENIED.[3] (D.I. 60)

15. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

16. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

---

[3] As Defendant does not oppose severance, the parties are directed to meet and confer on a form of Order to submit to the court to the extent there is mutual agreement on this form of relief.